

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VELDERAIN LYONS, | ) |
| Plaintiff, | ) Case No. 06 C 4339 |
| v. | ) |
| | ) Honorable Charles R. Norgle |
| COMMONWEALTH EDISON also d/b/a EXELON CORP., INC. | ) |
| Defendant. | ) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendant Exelon Corporation's ("Exelon") motion to dismiss Plaintiff Velderain Lyons's ("Lyons") second amended complaint. For the following reasons, the motion is granted.

## BACKGROUND

### A. FACTS

Lyons worked at all relevant times as an energy technician for Commonwealth Edison ("ComEd") in Chicago. Second Am. Compl. ("Compl."), p. 2, at ¶ 8. She began working at ComEd in February 1978. Id. Beginning in October 2004 and continuing through November 2005, some unnamed ComEd employees allegedly subjected Lyons, because of her gender and her alleged mental disability, to employment conditions that differed from those of her fellow, male employees. See id., p. 3 at ¶¶ 10-11, p. 5 at ¶¶ 9, 12. As a result, on March 16, 2005 Lyons filed against ComEd a Charge of Discrimination ("EEOC Charge") with the Equal Employment Opportunity Commission ("EEOC"). Id., p.2, at ¶ 5. After she filed the EEOC Charge, ComEd's discriminatory conduct continued and ComEd allegedly retaliated against her by

forcing her to retire three years before she was to receive maximum pension benefits. Id., p. 8, at ¶ 5. Based on her charge, the EEOC issued Lyons a Notice of Right to Sue her employer ComEd on May 11, 2006. Id., p. 2, at ¶ 5. Exelon is not mentioned in either the EEOC Charge or the Notice of Right to Sue.

In the EEOC Charge, Lyons alleged that while working at ComEd she suffered "harassment, a higher work standard, unfair discipline, and discipline which [was] more severe than that imposed on similarly situated male employees." See EEOC Charge, Compl. at Ex. 1. All of this allegedly culminated in a 7-day suspension that ComEd imposed on May 26, 2004. Id. Lyons further alleged that ComEd notified her that she "went the wrong way" as its first reason for her suspension. Id. Finally, Lyons alleged that ComEd, from what we can tell, changed the reason for her suspension to "[Lyons] suspended orders." Id. Again, Lyons does not mention or refer to Exelon in the EEOC Charge.

On August 10, 2006 Lyons filed a three-count complaint against Exelon, alleging that Exelon was "also known as" ComEd and that it deprived her of rights secured by Title VII and the Americans with Disabilities Act ("ADA"). Exelon was the only party that Lyons served. Lyons alleged that Exelon discriminated against her based on her gender and disability, and that Exelon retaliated against her in response to her EEOC claims. Since the initial filing date, Lyons has made several attempts to properly state her claims and to rectify the various procedural errors she made along the way. While we are not entirely convinced that Lyons failed to state a claim, Lyons's second amended complaint is replete with deficiencies that require its dismissal.

## B. PROCEDURAL HISTORY

On January 3, 2007 the Court granted in the alternative Exelon's first motion to dismiss, directing Lyons to file a more definite statement of her claims. On February 7, 2007 Lyons filed

2

a document styled, "Compliance with Order for More Definite Statement of Complaint," which failed to correct the original complaint's misgivings. In this light, Exelon again moved to dismiss Lyons's complaint. On September 5, 2007 the Court granted Exelon's motion and gave Lyons leave to file an amended complaint. A few days after the Court's deadline, Lyons filed a first amended complaint, this time naming ComEd as the defendant "doing business as" Exelon. Exelon responded with another motion to dismiss. On December 11, 2007, instead of dismissing the complaint, the Court ordered Lyons to submit a second amended complaint, addressing the assertions Exelon put forth in its motion to dismiss. The Court gave Lyons until January 11, 2008 to file her second amended complaint. The January 11 deadline came and went with no response from Lyons. Exelon therefore moved to dismiss pursuant to FED. R. CIV. P. 41(b), asserting Lyons's continued failure to comply with the Court's previously imposed orders. On January 18, 2008 the Court granted Exelon's motion and dismissed the case for a second time. Lyons moved for reconsideration. On February 4, 2008 the Court granted Lyons's motion and allowed her to file a second amended complaint. Exelon remains the only party that Lyons has served.

Exelon now moves to dismiss Lyons's second amended complaint on a variety of grounds, namely that: (1) Lyons repeatedly failed to comply with this Court's orders; (2) Exelon is not a proper party; (3) Lyons failed to effectuate proper and timely service on ComEd; (4) Lyons failed to file her complaint within 90 days after receiving the Notice of the Right to Sue; (5) Lyons failed to state a claim; and (6) the second amended complaint exceeds the scope of the EEOC Charge. The motion is fully briefed and before the Court. The Court finds the most persuasive Exelon's argument regarding it being an improper party to this action. As such, the Court shall dismiss the action, with prejudice, on that ground alone.

## DISCUSSION

### A. STANDARD OF REVIEW

As always, we take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff for purposes of determining whether they state a claim for relief under Rule 12(b)(6). See, e.g., Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002); Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001); it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chi., 230 F.3d 319, 323-26 (7th Cir. 2000) (citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short, plain statement, however, must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests. Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007); see Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The complaint must also contain sufficient allegations based on more than speculation to state a claim to relief that is plausible on its face. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007).

### B. EXELON IS NOT A PROPER PARTY

Citing Lyons's EEOC Charge, Exelon moves to dismiss the complaint because neither Exelon nor the Exelon Corporation appears in the EEOC Charge. The EEOC Charge is directed to Lyons's employer, ComEd, which happens to be a subsidiary of Exelon. Otherwise, the companies are separate and distinct. But despite any corporate connection between Exelon and ComEd, Lyons did not mention Exelon until she named the company in her initial complaint.

4

Generally a party not named as a respondent in an EEOC charge may not be sued in a Title VII action. Bright v. Roadway Serv. Inc., 846 F. Supp. 693, 696 (N.D. Ill. 1994) (citing Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989)). This requirement applies with equal force to actions brought under the ADA. See Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 (1979); see also Pauls v. Elaine Revell, Inc., 571 F.Supp. 1018, 1020 (N.D.Ill. 1983) ("ADEA procedural provisions generally receive the same interpretation as their Title VII counterparts."). Courts impose this administrative requirement for two reasons: first, it provides notice to the party to be sued; and second it affords that party an opportunity to reconcile the claim and to comply with Title VII. Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 905 (7th Cir. 1981). This requirement is not absolute, however, as the Seventh Circuit recognizes an exception to the general rule. Courts may allow a cause of action against an unnamed party "where [that] unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." Eggleston, 657 F.2d at 905.

In our case, there is no dispute that Exelon is not named in Lyons's underlying EEOC Charge. In response, Lyons maintains that Exelon should remain a party to this action because she alleged in her second amended complaint an employment relationship with Exelon and that Exelon directed one of the alleged discriminatory acts against her. These arguments, however, are two steps removed from this inquiry. Exelon is not attacking the sufficiency of Lyons's complaint. Rather, Exelon is attacking Lyons's failure to name Exelon in the EEOC Charge. This is an important distinction, one that Lyons fails to address.[1] The only issue, then, is whether

---

[1] The cases Lyons cites in support of her arguments – Gad-Tadros v. Bessemer Venture Partners, 326 F. Supp. 2d 417 (E.D.N.Y. 2004) and Caskey v. Colgate-Palmolive Co., 438 F. Supp. 2d 954, 1039 (S.D. Ind. 2006) – are inapposite. Those cases involve defendants who are named in the underlying EEOC charge as well as the complaint.

5

Lyons satisfied the procedural requirement that she name in her Title VII suit those parties named in the administrative charge. Schnellbaecher, 887 F.2d at 126-27. It is clear that she did not, thus we turn to the exception to the general rule.

For Lyons's claim to proceed against Exelon, Lyons must operate under the "notice" exception that Eggleston established. This she cannot do. Although Lyons can establish that Exelon has actual notice of the EEOC Charge against its subsidiary, ComEd, Lyons cannot establish that Exelon has notice of any EEOC Charge against *itself*. This omission is fatal to Lyons's Title VII claims against Exelon. Schnellbaecher, 887 F.2d at 127 (affirming the dismissal of Title VII claims against the corporate parent of the entity named in the EEOC charge). Without receiving notice of any charges against it, Exelon did not have any opportunity to conciliate on its own behalf. Id. Exelon, simply put, is not a proper party to this action. We therefore find that the second amended complaint must be dismissed with prejudice as to Exelon.

## III. CONCLUSION

For the foregoing reasons, Defendant Exelon Corporation's motion to dismiss Plaintiff Velderain Lyons's second amended complaint is granted with prejudice as to Exelon.

IT IS SO ORDERED.

ENTER:

_Charles Norgle_
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 5/5/08